Good morning, Your Honors. Good morning. If it may please the Court, Todd Baxter on behalf of Appellants Kathleen Thomas, William Cherry and Contract Management Services, Inc. I'm going to refer to them collectively as CMSI. We did in our briefs, and TNI as well, if the Court would agree. I plan on reserving five minutes. I'll try to watch my time to make sure I hang on to that for my rebuttal. I think the case has been briefed extensively, talking about the various cases going back and forth on copyright protection for a particular form, talking about the Bibaro case, the Selden case. I think we've done that extensively. Well, as long as you mention Bibaro, may I just interrupt? Where in Bibaro can you find support for your argument that a blank form merits copyright protection if its arrangement and selection of categories is sufficiently unique? You seem to make that argument several times. And I read Bibaro back and forth, and I couldn't find support for that argument. I'm not sure that Bibaro specifically says that. I think Bibaro has been identified, I think, as creating, I guess, a bright-line test for the idea that when you compile information or arrange it in a particular fashion that is unique to a particular form, that it can't receive copyright protection in accordance with Bibaro. I think our reliance was more on Feist, the U.S. Supreme Court decision in Feist, where they talked about compilations of information, not the text of it. This isn't a compilation. I mean, this is a form. You haven't taken, you know, a variety of things and put them together in a creative, original way. I mean, it's a form. And it isn't like a business plan with forms or an accounting system with a scheme for how to do things. I mean, it's just a form. Well, it would, you know, our position has been, Your Honor, that it is a unique form in the sense that they took what previously had been forms that either didn't ask necessarily enough information and you'd have to gather information from people at a later point, or you had very long, cumbersome forms that were four or five pages. And the principles for CMSI were to develop a form with particular language that they could not create something that was more streamlined, more unique for their business and more unique for their customers. And I think that they accomplished that in the two-page form that they created. It's much different than the forms that were presented by T&I on pages 82 to 90. Well, it's not a ton different. I mean, it's different, but it's not a ton different. And it may be better. But it's still just a form. I understand it's a form that can be filled out and downloaded off the Internet, Your Honor. I think that the text within Exception, and not so much, although we believe it probably meets the compilation requirements that FICE talked about, but the text within Exception, the instructions that were included in it. Well, if it's just a form, you can't have a compilation. Bivero says that. I understand that, Your Honor. I think Bivero also has been, I say, criticized by Nimiron Copyright and some other cases for talking, for creating a bright line test on compilations. Still did it. I understand, Your Honor. But I think the text within Exception is probably in light of the extensive instructions that were included within that form. What do you call text, you must have a minimum of one year's current R.N. experience in the clinical area you are submitted to. Is that the kind of text you're saying is worthy of copyright protection? Well, it's not just that, Your Honor. There's other texts. There's over 200 words of text. They talk about a privacy page if you wanted to include that. They talk about prior to your assignment. This is the advice, I guess, that it's about within that particular form. But where do these standards come from? They come from what is needed to be known by the employers, don't they? But this is unique to that. You didn't make this up. I understand. It's unique to that particular form, though, Your Honor. The principals at CMSI decided what information specifically they needed, and they put it into their own words. It's not something that is standard language in the industry. It is not necessarily a blank form with no text or instructions whatsoever. The position has been that the form and the information that they provided is something that they drafted and unique to that. It's not necessarily something that's found in the industry. And if you look at the other forms that were even presented by T&I on pages 82 to 90 of the excerpts of record, they don't have this sort of instructional text. T&I has acknowledged for the infringement of copyright that they did copy it. That was part of the oral argument. They acknowledged that point. So the only issue then, really, for the infringement is whether this is a copyrightable form. For the text, with an exception, the U.S. Supreme Court in Feist talked about a minimum level of creativity. It doesn't necessarily – extremely low, even a slightest amount will suffice. I think that the text and the language that they created is not necessarily something that is standard in the industry. It is not something that is just reflective of the law. The information is standard, isn't it? Isn't what people who want to hire these nurses need to know? The information in the form itself? Yeah, the information that's required to be filled in. The categories are standard. I think they are relatively standard. I think the look and feel and how the form was put together is unique for what CMSI did with it. But the specific type of information – certifications, work history, those types of things – are actually sought in other forms. And they would show up in the other forms that were presented on pages 82 to 90. The difference, I think, is the presentation of – arguably, if the Court sees that form in the way it's been organized and concisely arranged, is not being a compilation and not copyrightable. The information, though, within it, the instructional text would – It's really the instructional text? Is that what we're talking about? The additional language that goes into it. Please use a ballpoint – black ballpoint pen to fill this out. That's not what the form says, though. I mean, it – for example, Your Honor, it says, all medications you currently take and explain on a privacy page to maintain in your files as a protective measure. That is – that is advice on how to fill out the form. Where does that requirement – We can't possibly have a monopoly on that kind of information, can you? Well, it's not necessarily a monopoly on that information, Your Honor, but it's unique to this particular form. And if you follow the discussion in FICE, the Court looks at – and where does it fall on the spectrum of creativity? Pretty – Can it – well, is it – is it something that would be like the super bills in – in Bivero where it says, sign your name, you know, fill out the form and send it to the insurance company? Those are very simple instructions. This goes, I think, beyond that. Well, let me – let me ask you this. Suppose if Congress passes a statute that says that you don't have to disclose your age if you don't want to, and so you add to your form pursuant to Congressional law, you need not answer this question if you do not wish to. Now, the – somebody else puts that on a – a similar form. They have a form that says, well, you know, you have to disclose your age if you don't want to. Is that a – is that an infringement? No. What's so unique here? What – what makes this more than a simple instruction? What's the difference? List your medications. What's unique? I think, Your Honor, the – the uniqueness is that it's not anything that's necessarily found in any of the other forms. It is when you talk about certain cases like Edwin Williams and – and others, they talk about the advice that you can provide in the form, how to fill     And it's a very broad spectrum of information. And it's a very broad spectrum of information. instruction, Your Honor, but it is advice necessarily on how to fill a form, instructions on how to fill out the form that are unique to this particular form. It is not something that's generally found even in the examples that were cited by T&I. That instruction is not in there. What they did is they tailored and wrote these instructions for purposes of their particular client base and to try to get the best information that they can and make the form as concise as possible so that at a later point, they're not continuing to compile this information. That's why they sat down and they wrote out this particular text. And it isn't necessarily – I understand certain things that – that may be required as law and statements that may be required as law can be found on a particular form. I would agree that's not copyrightable. What is the strongest – okay, what is the strongest case from another circuit that supports you, that deals with – it's not language criticizing a bright-line test, but that in its actual application and holding would support your position? We cited that the Edwin Williams and the Continental Casualty v. Beardsley cases, where they looked at – for the Edwin Williams case, they looked at account books, blank forms necessarily, but they had instructional text that gave advice on how to fill out the forms and other advice in terms of putting the form together. The same thing with the Continental Casualty case. But it was an accounting system, which is what distinguished it. That's the whole point of it. I understand, Your Honor, but in terms of – Saying, you know, put in your expenses here and put in your income there. But it – those types of cases where the instructional text took it beyond simply, like in the super bill in Bibero, where it's just very straightforward, just a few questions, sign it, date it, fill it out and send it to your insurance company, I can understand where those would be simple instructions that are found in Bibero. When there's more instructional text that goes beyond just simple instructions, which I think is what the Feist case was talking about, the text within exception, if there's more information, more instructional text that goes well beyond the point of just simple instruction, then you fall somewhere on that spectrum of creativity. And where is that? And our point has been that I don't think you can look at these particular CV forms and the over 200 words of instructions that were very specific for what CMSI was looking for for its customers, and the information that it was going to glean for its customers being different than that found standard in the industry itself. I think because of that, there is a tribal issue of material fact as to where it fell on that spectrum of creativity that the Feist court was talking about. And what is that minimum level of creativity that would get it past where we were at procedurally, which is a motion for partial summary judgment. Our view is that there may be a difference of opinion necessarily on, you know, is it simple instructions, is it more than that, that's something that should have been submitted to the jury and not resolved at this point through a motion for partial summary judgment. That's the difference that we see in the case, Your Honor. That is something really that the jury should have considered. Explain to me how Feist supports you again. Feist, Your Honor, not necessarily factually because that was a case obviously about phone books and there's only, as the court found, there's not too many ways to compile a phone book other than list people's names alphabetically and put the phone numbers there. That's fairly obvious. But what the Feist court was talking about, Your Honor, is they said the requisite level of creativity is extremely low, even the slightest amount will suffice. So this created sort of a, maybe a spectrum of creativity that a court would have to look at and I acknowledge that cases go all over the place necessarily on what is enough and what is not enough. It's a case-by-case analysis. And I think where the Feist court talked about having an extreme low level of creativity, our position here is that we went beyond simply like Bivero where they had very simple instructions. It went beyond that point. But I guess the content of what you're putting in is something that is out there that you didn't create. That is the information that is needed to, in order for employers to know whether they want to hire these people is not something that you created. The same thing is true with the phone book, isn't it? You're trying to, the content is the names and the listing of people who have phones. And the telephone company didn't create that. True. It was so, I guess. I think, Your Honor, the cases that we were more focused on, it's not so much, Feist has its application in terms of the level of creativity. But I would agree with you. It says it's low, but you have to. Sure. You have to somehow get above. And I think you did for purposes of the procedural stage of this case, being a motion for summary judgment. But I think Feist provides the argument that there is a low level of creativity that is necessarily required to meet copyright protection for the text within exception. And if you look at cases like the Edwin Williams case for continental casualty, where what they did is they said, well, okay, you have a blank form, and these forms gather information that is fairly standard as the information that we're gathering. Your certifications, your work history, those specifics, references, those are all pretty common, I think, in the forms even that were presented by T&I. The difference is that the forms that were presented by T&I as part of their motion for summary judgment, partial summary judgment, didn't have in any way instructional text. They were straight blank forms. Ours is different in the sense of the information that we compiled and how we put the instructional text combined with the blank form itself, which I agree, if you're just looking at, if you're disagreeing with the idea of a compilation being unique or special, that if you look at just the categories, certification, work history, those types of things, I would agree at that point that that is something that probably is very similar to the other forms. The difference comes in the instructional text. Edwin Williams talked about that. Continental Casualty Case talked about combining instructional text and advice with the form itself, the blank form, making the form copyrightable. That is our argument in terms of where we fall on the sliding scale of the spectrum of creativity and whether that is enough for purposes of a partial motion for summary judgment, and should it have gone to the jury. I have less than four minutes left. I'm going to reserve the rest of my time. Thank you. Thank you, Your Honor. Good morning. Ken Webster for T&I. May it please the Court. From the questions I've heard in the conversation so far, I'm confident that the Court seems to understand that FICE, for example, and what I'll call the Kregos Compilation Theory group of cases doesn't apply here, that this is analysis under the law of this circuit, which is the Bibro case, and the only way under that case that the CMSI blank forms can become copyrightable is if the text within the forms rises to the level of copyrightability. Furthermore, on summary judgment, it took me a while to figure this out, but there are CMSI continues to place what I call that Kregos Compilation Theory notions throughout its brief, and it also does it in the summary judgment analysis. The district court below correctly ruled on summary judgment that there were no genuine issues of material fact under the law of this circuit, which is Bibro, and that's because all of the facts that are needed to make the determination are on the form itself. There are no disputed issues of fact under the Bibro analysis. What about the giving of information? I must admit, I've gone over and over trying to figure out what was creative, unique. There is a phrase, prior to starting an assignment, you may wish to list all medications you currently take and explain on privacy page to maintain in your file as a protective measure. If so, inform your contract manager. This is close to conveying, quote, information. What would be your response to that? My response to that would be that is simply advice on how to fill out the form. There is no further statement in that text about whether it makes sense to put that information down, whether it might help you get a job or not. A privacy page to protect as a protective measure. Well, I think if you read that text carefully, they say that the privacy page will not be disclosed as a protective measure. It's not talking about a protective measure for whether or not the job applicant gets a job or not by doing it. I think that's important. Who decides whether, where does this idea of a privacy page come from? Well, it's just common sense. I fill out forms all the time that say they're going to respect my privacy, whether it's on a separate page or on the page that I fill out for insurance applications or bank mortgage applications. The point is it's common boilerplate legalese that a case like M.M. Forms says are in the public domain and whether you paraphrase those or not or phrase those in a little different way, it doesn't matter under the blank forms rule analysis. Another important notion about the text within exception is that it can't, it can't just be advice on, if it's advice on how to fill out the form, that keeps it in the Bivero blank forms rule. The cases where, I think the Court understands this, but I want to reaffirm, in Edwin K. Williams and Beardsley, all of these, all of the text within the form or outside and around the form talked about something other than how to fill out the forms. Well, Advance had no text at all, did it? I'm sorry? In Advance there was no text. You cited to Advance in Harland, in Clark Checks and so forth. Well, there are, I cite, I cite Clark Checks, Advance, Janus and Shepler's Catalog. Well, Clark Checks, the memory stub just provided lines in which the check writer could record the date, the amount to pay and the purpose of the check. Well, that's correct. I cite that case, we cite that case so that we confirm the blank forms rule and there's, that's not a text within exception case. But we also cite that case for the summary judgment standards that were properly followed in that if there are no disputed facts about what the form says, then the district court can do an analysis, apply the law to the facts and not submit the matter to a jury. I'd also like to point out that the notions of efficiency and hard work that CMSI raises in their brief and in argument today is irrelevant. You may recall under the Harper House case of this circuit, there was a pretty distinct description that the sweat of the brow type argument has been roundly rejected. And how much time it took them to create the blank form isn't the issue. Also, whether the text is 200 words or 2,000 words as to how to fill out the form, that's also irrelevant under. I take it if this form had had on it something like the most important portions of this form that employers look to in hiring nurses or whatever, you know, are the, you know, the nature of the past references and it is very important in filling that out that you give careful attention to the detail, the accuracy, et cetera. That is, giving some advice as to how to fill it out, that that might well be, take this away from being a blank form to something that is protected. I would argue that that would still be advice on how to fill out the form, and under Bivero it wouldn't work. I think that's clear. Giving them tips on what employers are looking for? I think if the form said, here at CMSI we really like people that have a background in some type of laboratory testing, and that's been very helpful to us. And you might want to go out and get that kind of training before you come to our firm. Or our firm is extra special because of X, Y, or Z. If that kind of text was on this form, which it is not, then they might be able to argue that there's something textual and creative beyond how to fill out the blank form. And I think that's a fair reading of the law. That same point goes back to Williams and Beardsley. Those cases had advice on how to run a business, how to administer a securities blanket bond plan, which I must admit I don't quite understand. But the text was explanatory of something besides how to fill out the form. Judge Snyder's order is, I think, detailed and persuasive. I'm not sure I could say anything better about it myself. If the Court has any questions. Thank you. I only have a few minutes left, but I'm going to hit on a couple of important points. Again, I think the emphasis in this from CMSI's perspective is where we're at procedurally on a motion for partial summary judgment. And could there be conflicting inferences that can be drawn from this such that this really needed to go to a jury? The Court asked the question as to if they were saying something to the effect of, here at CMSI we want particular people to have this type of experience, would that be beyond just simple instructions on how to fill out the form, which arguably would or would not place it within copyright protection? I think when you're talking about the idea of a privacy page and letting people know when they're filling out the form that sensitive data you include on a separate page will not be inputted into our computer, that's not a simple instruction on make sure you fill out the certifications, make sure you fill out the work experience, make sure you fill out different points along the way of this form completely so that we have accurate answers. I think you're letting someone know who is a potential independent contractor who is going to come work for you. It's something different than just simple instructional text on how to fill out the form. You're going beyond that. You're giving them advice and you're letting them know that anything you provide is of a sensitive nature, medications, problems that you have, that stuff won't be inputted into our computer, but set it aside and put it as part of a separate page to this document. We will have it. It's not going to be shown to employers. We need to have it for purposes of our information. That's not simple instruction on how to fill out a form. And I think that under these circumstances, the instructional text that came along with it with the advice on how to fill out the form and the whole issue of the privacy page puts it somewhere along that spectrum of creativity that is more than just the blank forms rule and somewhere within that text within exception such that you can't grant a motion for a partial summary judgment on this particular issue of whether it is copyrightable and it should have gone to a jury under these circumstances. With that, we'll submit to the court and ask that the court reverse the decision of the district court. Thank you, Your Honor. Thank you, counsel. The case just argued is submitted for decision. That concludes the court's calendar for this morning and the court stands adjourned. All rise. Thank you.
judges: Schroeder, Dw Nelson, Rymer